# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LEROY ANTOINE LODGE (#105750)**                          **CIVIL ACTION**

**VERSUS**

**LIBBY TIGNER, WARDEN, ET AL.**                            **NO. 17-1099-BAJ-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 25, 2018.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LEROY ANTOINE LODGE (#105750)**                              **CIVIL ACTION**

**VERSUS**

**LIBBY TIGNER, WARDEN, ET AL.**                              **NO. 17-1099-BAJ-EWD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, an inmate confined at the River Correctional Center, Ferriday, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Libby Tigner, Ass't Warden William Salvage and Secretary James LeBlanc, complaining that Defendants have violated his constitutional rights by failing to timely and properly address several administrative grievances that he has submitted at the River facility.

Under the provisions of 28 U.S.C. § 1391(b)(1) and (2), a civil action may generally be brought in a judicial district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred.   Further, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a case filed in a Court of improper or inconvenient venue may be transferred, in the interest of justice and for the convenience of the parties and witnesses, to a district in which it could have been brought.  In the instant case, Plaintiff is confined in the Western District of Louisiana and complains regarding events that have allegedly occurred in the Western District. Inasmuch as the principal Defendants and witnesses related to Plaintiff's claims may be located in the Western District, the Court believes that it is in the interest of justice to transfer this case to the

Western District of Louisiana where the evidence and witnesses will more likely be easily located and produced.[1]

### RECOMMENDATION

It is recommended that this matter be transferred to the Western District of Louisiana for further proceedings. It is further recommended that any determination regarding Plaintiff's entitlement to proceed as a pauper herein be deferred to the transferee court for resolution and disposition.

Signed in Baton Rouge, Louisiana, on January 25, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff's claim asserted against Secretary James LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections, is only that this Defendant is the head of the Department that has legal custody of Plaintiff and, further, that Plaintiff has forwarded copies of his administrative grievances to Defendant LeBlanc's office.