a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEROY ANTOINE LODGE, Plaintiff | CIVIL ACTION NO. 1:18-CV-248-P |
| VERSUS | JUDGE DEE D. DRELL |
| LIBBY TIGNER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Leroy Antoine Lodge ("Lodge") (#105750). Lodge is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. Lodge filed suit in the Middle District of Louisiana complaining that officials at Rivers Correctional Center, where he was previously incarcerated, violated his constitutional rights. The suit was recently transferred to this Court, which granted Lodge's motion for leave to proceed *in forma pauperis*. (Docs. 6, 14).

Because Lodge cannot show that his constitutional rights have been violated, his complaint should be dismissed.

### I. Background

In his original complaint filed in the Middle District of Louisiana, Lodge only complains that Defendants violated his constitutional rights by failing to respond to his grievances. In his amended complaint filed in this Court, Lodge also complains that his constitutional rights were violated when he was sprayed in the eye with lice

control spray and not provided medical care until the following day; that he was denied access to the courts; and that his personal property was stolen when he was temporarily transferred. (Doc. 10, p. 5).

## II. Law and Analysis

### A. Lodge's complaint is subject to screening under §§ 1915(e)(2)(b) and 1915A.

Lodge is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Lodge's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Lodge's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

2

B. <u>Lodge cannot establish that he suffered a constitutional violation.</u>

First, Lodge claims his constitutional rights were violated because his grievances were not answered. However, an inmate has no constitutional right to a grievance procedure, and no due process liberty interest in having a grievance resolved to his satisfaction. See <u>Geiger v. Jowers</u>, 404 F.3d 371, 374–75 (5th Cir. 2005).

Next, Lodge complains his rights were violated when he was sprayed in his left eye with lice control spray by John Hood. (Doc. 10, p. 5). First, Lodge does not present any non-conlusory allegations that Defendant Hood acted intentionally or maliciously in spraying lice control spray into Lodge's left eye. Moreover, Lodge fails to allege that he suffered more than a *de minimis* injury from the lice spray. Short-term pain alone is insufficient to constitute more than *de minimis* injury for purposes of an excessive force claim. See <u>Williams v. United States</u>, 2009 WL 3459873, *12 (S.D. Tex. 2009) (accepting plaintiff's allegations as true that he suffered extreme pain from being kicked and sprayed in the eyes with pepper spray; his injury was *de minimis*); <u>Baeza v. Becker</u>, 14-CV-659, 2015 WL 6127190, at *1 (W.D. Tex. Oct. 15, 2015) (citing <u>Williams</u>); <u>Martinez v. Nueces Cty., Tex.</u>, 2:13-CV-178, 2015 WL 65200, at *11 (S.D. Tex. Jan. 5, 2015), <u>aff'd</u> <u>sub</u> <u>nom.</u> <u>Martinez v. Day</u>, 639 F. App'x 278 (5th Cir. 2016).

Lodge complains that he did not receive medical care until the day after he was sprayed in the eye with lice control spray. Lodge alleges that the infirmary was already closed for the day when he was sprayed. (Doc. 10). Lodge cannot show that receiving medical care the day after the lice control spray got in his eye was

3

constitutionally inadequate. See Hudson v. Gusman, 2014 WL 906155, at *6 (E.D. La. March 7, 2014) (finding that treatment given forty-eight hours after being sprayed with pepper spray was constitutionally adequate); Pea v. Cain, 2014 WL 268696, at *7 (M.D. La. Jan. 23, 2014) (noting that even if prison officials denied the inmate plaintiff a shower after being sprayed with irritant, the plaintiff's claim did not rise to one of constitutional dimension). Moreover, there are no allegations that the delay resulted from deliberate indifference. See Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006) ("Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm.").

Lodge alleges that his personal property was stolen when he was transferred. To the extent Lodge alleges a due process violation, his claim fails. Under Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in part on other grounds) and Hudson v. Palmer, 468 U.S. 517 (1984), known collectively as the "Parratt/Hudson Doctrine," a random and unauthorized deprivation of a property or liberty interest does not violate procedural due process if the state furnishes an adequate post-deprivation remedy. See Caine v. Hardy, 943 F.2d 1406, 1412 (5th Cir. 1991). Louisiana law provides Lodge the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. La. Civ. Code art. 2315. This general tort provision of Louisiana's Civil Code provides all the process that is required. See Gross v. Normand, 576 F. App'x 318, 320 (5th Cir. 2014) (citing Marshall v. Norwood, 741 F.2d 761, 763-64 (5th Cir. 1984)); Charbonnet v. Lee, 951 F.2d 638 (5th Cir. 1992), cert. denied, 505 U.S. 1205 (1992).

Finally, Lodge's claim that he was denied access to the courts is without merit. Although prisoners have a constitutionally protected right of access to the courts, the right is not unlimited. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (citing Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997), cert. denied, 522 U.S. 995 (1997)). The right encompasses only a reasonably adequate opportunity for inmates to file non-frivolous legal claims challenging their convictions or conditions of confinement. See Jones, 188 F.3d at 325. Inmates are merely guaranteed "the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. Lodge has not alleged facts showing that he has been unable to challenge his underlying conviction or pursue civil rights actions regarding prison conditions.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Lodge's § 1983 complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection

to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __16th__ day of May, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge